UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.   13-CR-109 (ESH) |
| | : | |
| v. | : | |
| | : | |
| DARNELL WALLACE, | : | |
| DARIUS MCKEEVER, | : | |
| Defendants. | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING CONCERNING
WHETHER SENTENCING GUIDELINES 2B3.1(a)(2) IS APPLICABLE**

The defendants in the above-captioned matter were indicted and each charged with one count of Conspiracy to Interfere with Interstate Commerce by Robbery ("the Hobbs Act") in violation of Title 18 U.S.C. § 1951.  Each defendant pled guilty and is to be sentenced by the Court on October 9, 2013.

Specifically, the Court asked the parties to file a brief memorandum of law concerning whether Sentencing Guidelines 2B3.1(a)(2) is applicable to the defendants in the instant matter. The government respectfully will rely on the following points and authorities, as well as those cited at any hearing on these issues.

**ANALYSIS**

In short, the defendants in this case were part of a law enforcement sting operation in which they, along with two others, entered into a criminal agreement to use firearms to rob a local liquor store.  Because firearms were introduced in this conspiracy to the defendants and/or co-defendants in this matter, the government avers that for sentencing purposes the defendants should receive a five point increase pursuant to Sentencing Guidelines 2B3.1(a)(2), because the firearms were brandished or possessed by the defendants.

1

## The Five–Level Sentencing Enhancement

To aid the Court, the government relies on the following cases – 1) U.S. v. Villegas, 655 F.3d 662, 676 (7th Cir. 2011) and 2) U.S. v. Bolden, 132 F.3d 1353 (10th Cir. 1997), both cases with similar facts to those in the instant matter. In Villegas, the Seven Circuit upheld the district court's application of the enhancement. In Bolden, the Tenth Circuit upheld the application of a firearm enhancement, finding that "the government was . . . not required to prove that the firearm was actually '. . . possessed' during the robbery, but only that it was [defendant's] intent that such conduct would take place." Id. at 1356.

Significantly, the Seven Circuit in Villegas found that the language of the guidelines supports the five-level enhancement in that case. Section 1B1.3(a)(1)(B) of the Sentencing Guidelines clarifies the type of conduct that is relevant to determine the offense level under Chapter Two. The Court found that the Sentencing Guidelines "provides that a court may consider, in the case of a jointly undertaken criminal activity . . . all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity, that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense. . . . U.S.S.G. § 1B1.3(a)(1)(B). Thus, [defendant] is liable for the "reasonably foreseeable acts and omissions" of [ ], the informant, that occurred "in preparation" for the offense." U.S. v. Villegas, 655 F.3d at 676.

In U.S. v Bolden, 132 F.3d 1353 (10th Cir. 1997), the Tenth Circuit upheld the application of this type of sentencing enhancement. Specifically, in Bolden, the defendant planned a robbery of a bank with an acquaintance of his who had since become a confidential informant for law enforcement. Id. at 1355. During the planning stages, the two agreed that the informant would obtain a firearm. Id. Pursuant to this plan, law enforcement supplied the informant with an

inoperable weapon. Id. On the date of the planned robbery, the defendant waited in the getaway car while the informant left the car with the firearm and walked toward the bank. Id.   Once the informant was secure and out of the defendant's view, the defendant was arrested. Id.   The defendant pled guilty to attempted bank robbery and his sentence was enhanced five levels for possession of a firearm. Id.   The Tenth Circuit affirmed the district court's application of this enhancement, finding that the facts sufficiently established that the defendant "aided, abetted, or counseled possession of the firearm pursuant to the intended robbery plan" because the robbery plan included the use of the firearm, the defendant counseled the informant on how to enter the bank and threaten the bank teller, and it was the defendant's intent and expectation that the informant would ultimately use the gun. Id. at 1356.   Most notably, the Tenth Circuit found it was of no consequence that the weapon was possessed by the informant and not the defendant himself. Id.   The Bolden Court explained, "the fact that Bolden's co-conspirator was an informant and therefore not criminally liable for the conduct himself does not absolve [the defendant] from responsibility for an act he directly aids, abets and counsels." Id. at 1357.

      WHEREFORE, the government respectfully submits this Memorandum to aid the Court.

      Respectfully submitted,

      RONALD C. MACHEN JR.
      United States Attorney

      _____/s/_____
      EMORY V. COLE
      Assistant United States Attorney
      555 4th Street, NW
      Washington, DC   20530
      Emory.Cole@usdoj.gov
      202-252-7692