UNITED DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 13-cr-109-03 (ESH) |
| v. ) | |
| ) | |
| Darius McKeever, *defendant.* ) | |
| _____ ) | |

SUPPLEMENT TO DEFENDANT'S
MEMORANDUM OF LAW (USSG §2B3.1(b)(2)(C)) (Doc. #53)

Defendant, through undersigned counsel appointed under the Criminal Justice Act, hereby supplements his previously filed Memorandum of Law (USSG §2B3.1(b)(2)(C)) ("Memorandum") with respect to ¶14, in which he presented, in summary form, his contention that he should receive a 3-level reduction in his base offense level (to 17) through application of USSG §2X1.1(b)(2). In support of this contention, defendant refers the Court to the following cases:

1. *United States v. Downing*, 297 F.3d 52 (2nd Cir. 2002) (sentencing court erred in failing to give 3-level reduction in "pump-and-dump" securities sting in which defendant was charged with and convicted of conspiracy to commit securities and wire fraud under 18 U.S.C. §371. Court found that as the conspiracy was far from completion, the 3-level reduction was appropriate.

2. *United States v. Martinez*, 342 F.3d 1203 (10th Cir. 2003) (appeals court found that §2X1.1 applies to attempt bank robbery, using a *Bolden* analysis, citing *Scibetta v. United States*, 32 F.Supp.2d 711 (715-719) (D.N.J. 1998); §2X1.1 "applies to conspiracy to commit robbery under Hobbs Act where no guideline expressly covers the substantive offense even when the statute may incorporate conspiracy as a substantive offense.")

3. *United States v. Amato*, 46 F.3d 1255 (2nd Cir. 1995) (§2X1.1 covers Hobbs Act conspiracies, including an enhancement for the amount of the intended loss, "plus any adjustments...for any intended offense conduct that can be established with reasonable certainty." §2B3.1 still establishes the base offense level (and potential adjustments) for Hobbs Act conspiracy.)[1]

These cases are important because, for the leniency provisions of §2X1.1 to apply, the prerequisite is found in this 'Cross Reference" at §2X1.1(c)(1): "When an attempt, solicitation, or conspiracy is expressly covered by another offense guideline section, apply that guideline section." The "Specific Offense Characteristics" for this guideline are:

If a conspiracy, decrease by 3 levels, unless the defendant or a co-conspirator completed all the acts the conspirators believed necessary on their part for the successful completion of the substantive offense or the circumstances demonstrate that the conspirators were about to complete all such acts but for apprehension or interruption by some similar event beyond their control. (USSG §2X1.1(b)(2))

This pleading is,

Respectfully submitted,

/s/

NATHAN I. SILVER/#944314
Attorney for Darius McKeever
P.O. Box 5757
Bethesda, MD 20824-5757
(301) 229-0189 (office)/(301) 229-3625 (fax)
email: nisquire@aol.com

---

[1] Until it was repealed in November 1993, a separate guideline (§2E1.5) applied exclusively to Hobbs Act violations. Since then, §2B3.1 has established the offense level and adjustments for the Hobbs Act. As a result, §2X1.1 now covers conspiracies, as well as attempted robberies and solicitations, under the Hobbs Act. The case of *United States v. Thomas*, 8 F.3d 1552 (11th Cir. 1993) applies §2E1.5 to the sentencing issue.

CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a copy of the foregoing pleading has been served this 7th day of October, 2013, upon AUSA Emory Cole, Narcotics and Violent Crimes Section, U.S. Attorney's Office, and Carmen Hernandez, Esq., attorney for codefendant Wallace, via ECF.

*Nathan I. Silver*